*Rowe & Appleton,* for the complainants.

*J. A. Peters,* for the respondent.

————◆————

RUFUS B. BICKFORD *versus* INHABITANTS of BROOKSVILLE.

The defendants, at a legal meeting, voted to pay a fixed sum "for each man drafted to fill their quota" under call of July, 1864. The plaintiff, a resident of defendant town, then at work in U. S. navy yard, was drafted, accepted, and furloughed to continue his work in the navy yard. After the draft, the defendants requested an extension of time for filling their quota, and soon after filled it with volunteers, whereupon the plaintiff was discharged from U. S. service:—*Held,* that the plaintiff did not come within the spirit of the vote, and could not recover against the town.

ON REPORT.

CASE to recover a bounty claimed to be voted by the defendants to such men as should be drafted to fill the town's quota, under call of July, 1864.

The article in the warrant calling the meeting of Nov. 4, 1864, introduced by the plaintiff, was, — "To see what measures the town will take towards raising money for the benefit of the drafted men, or to fill the town's quota," &c. The vote was : — "Voted to raise $350 for each drafted man to fill the quota," &c. It was admitted that the plaintiff, with others from the defendant town, was drafted Oct. 21, 1864; that he reported at the provost marshal's office for the 5th district, at Belfast, Oct. 25, 1864. Plaintiff put in certificate of provost marshal of 5th district, dated June 16, 1865, that plaintiff had been duly drafted, accepted, held to service and furloughed in accordance with circular from provost marshal general; that he was regularly discharged from navy yard, at Kittery, on May 22, 1865; and that he had been credited on quota of defendant town. Plaintiff put in descriptive list from Adj't General's office, containing his own description with others. He also put in certificate dated July 1, 1865, from provost marshal of 5th district, of his being drafted, accepted, furloughed, discharged from navy yard, of his subsequent reporting to provost marshal's office and discharge from United States' service.

Plaintiff put in letter from provost marshal of 5th district, dated Nov. 25, 1864, to commanding officer at Kittery navy yard, informing him that the plaintiff, with others, shipcarpenters, &c., employed at Kittery navy yard, had been drafted and accepted, and furloughed in accordance with circular No. 28, from P. M. General, to labor in the navy yard, requesting notice when they should be discharged, "in order that they might be held to service in the field."

It was admitted that plaintiff was at work in the navy yard when drafted.

Plaintiff testified : — Left Kittery finally fore part of May, 1865, went to Belfast and reported to provost marshal. Pro-

Bickford *v.* Inhabitants of Brooksville.

vost marshal sent me home. On July 16, 1865, sent me the certificate of that date. Was never in military service. Was under same rules and regulations in navy yard after I was drafted as before. Never left the State or put on uniform after the draft.

A certificate, dated Jan. 11, 1865, from provost marshal of 5th district, addressed to the selectmen of the defendant town, declaring that the "quota of the town having been filled by volunteers, the drafted men were discharged from all liability under the draft." This was in answer to written request for extension of time to fill quota with volunteers.

*Rowe,* and with him, *Wiswell,* for the plaintiff.

*C. J. Abbott* and *E. Hale,* for the defendants.

APPLETON, C. J. — The plaintiff, while at work at the navy yard, at Kittery, on the 21st Oct., 1864, was drafted under the call of the President of the United States, of July 18, 1864. On 25th Oct., 1864, he reported to the provost marshal's office for the fifth district, at Belfast, and was examined and accepted. On 29th Oct., he was furloughed and went back to the navy yard where he remained at work in the yard, never leaving the State nor putting on uniform after the draft.

The town filled its quota without the plaintiff, and, on 11th January, he was discharged.

The defendants, at a regular meeting holden on 4th Nov., 1864, "voted to raise three hundred and fifty dollars *for each drafted man to fill our quota,* and to each man having furnished a substitute under the last call for five hundred thousand men."

The plaintiff is not within the vote. The town quota was filled without him. The vote was "for each drafted man to fill the quota," not for those drafted men who did *not* fill the quota. If the plaintiff was to recover, those who *did not* and those who *did* fill the quota would be alike entitled to the benefits of the vote. The vote fairly construed requires that the person entitled to the bounty, should not merely be

drafted, but that he should aid in filling the quota. This the plaintiff did not.

By the case, as reported, the evidence of the facts establishing, as well as of those defeating the plaintiff's claim, are before us for consideration, and are equally entitled to consideration.                    *Plaintiff nonsuit.*

CUTTING, KENT, DICKERSON, BARROWS and DANFORTH, JJ., concurred.